IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| 1409 WEST DIVERSEY CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 16 C 256 ) |
| JPMORGAN CHASE BANK, N.A., | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant JPMorgan Chase Bank, N.A.'s (Chase) motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

## BACKGROUND

Plaintiff 1409 West Diversey Corporation (Hotel) allegedly does business as the Bellwood Hotel at 1409 West Diversey in Chicago, Illinois. The Hotel allegedly employed Marie Liszewski (Liszewski) and issued two payroll checks (Checks) to her in February 2014. Liszewski allegedly deposited the Checks in her Chase account remotely using her Mobile Check Capture app on her smart phone. Chase then allegedly presented the Checks to the Hotel's bank, MB Financial Bank (MB),

and MB deducted those amounts from the account of the Hotel. Shortly thereafter Liszewski allegedly presented the Checks at a currency exchange (Currency Exchange) and again received payment. When the Currency Exchange presented the Checks to MB, MB allegedly refused to honor them on the grounds that they had already been paid. The Hotel was then allegedly obligated to pay the Currency Exchange. The Hotel filed the instant action in state court and included in its complaint a state law negligence claim. The Hotel also seeks to certify a class in the instant action. Chase removed the instant action to federal court and now moves to dismiss the instant action.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007));

2

*see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

Chase argues that it cannot be liable to a third party for negligence and contends that even if it could be held liable the negligence claim is preempted by federal law.

I. Liability to Third Party

Chase argues that it cannot be held liable for negligence by a third party such as the Hotel. For a negligence claim brought under Illinois law, a plaintiff must establish: (1) that there was a "duty of care owed by the defendant to the plaintiff," (2) that there was "a breach of that duty," and (3) that there was "an injury proximately caused by that breach." *Vesely v. Armslist LLC*, 762 F.3d 661, 665 (7th Cir. 2014). Chase argues that based upon the Hotel's own allegations it is clear that the Hotel was never a customer of Chase. Chase contends that it thus had no contractual relationship with the Hotel and owed no duty to the Hotel. Under Illinois

3

law absent a duty owed by a bank to a plaintiff, a "plaintiff cannot set forth a cause of action for negligence against" the bank. *Radwill v. Romeo*, 2013 IL App (1st) 110912-U, ¶ 30. A bank does have a duty of care in regard to its acceptance of deposits. *Id.* at ¶ 29. Under Illinois law "[t]he relationship between a bank and its depositor is contractual in nature, and implicit in that contract is the common-law duty of the bank to use ordinary care in disbursing the depositor's funds." *Id.* A bank, however, "does not owe a common law duty of care to a non-customer." *Id.* at ¶ 30; *Zachman v. Citibank, N.A.*, 2016 WL 2352883, at *2 (N.D. Ill. 2016)(indicating that under Illinois law a bank does not owe a duty to a non-customer under common law). The Hotel references cases dealing with general legal principles, but the Hotel fails to cite any case that would contradict the established state law or indicate that Chase would owe a duty to a third party such as the Hotel. Nor does the Hotel cite to any similar case where a court held that such a mobile deposit system exposed a bank to liability to third parties. Under Illinois law, a bank such as Chase owes no duty to a non-customer under circumstances such as in this case. The Hotel seeks to have this federal court create new Illinois common law that no Illinois state court has recognized and is contradictory to the established law by the Illinois state courts. The Seventh Circuit has indicated that federal courts should be cautious in expanding the liability under state common law. *Home Valu, Inc. v. Pep Boys*, 213 F.3d 960, 963 (7th Cir. 2000)(stating that when the court is "faced with two opposing and equally plausible interpretations of state law," the Court "generally choose[s] the narrower interpretation which restricts liability, rather than the more expansive

4

interpretation which creates substantially more liability")(internal quotations omitted)(quoting *Birchler v. Gehl Co.*, 88 F.3d 518, 521 (7th Cir. 1996)).

The Hotel also argues in support of its right to pursue this action and create a class that it and other employers need to be protected from "epidemic" fraud. (Resp. 1-4). However, the Hotel's recourse is with the employee who twice deposited the Checks and perpetrated the alleged fraud. Nothing in this ruling prevents the Hotel from pursuing such a remedy against such an employee. In addition, if the Hotel faces a repetition of such conduct by its employees with Chase accounts and the Hotel is dissatisfied with the services it receives, the Hotel can always choose in this free market system to switch to a new bank. Neither the law nor equity supports creating a new common law claim under the circumstances in this case to protect the Hotel from potential fraud by its own employees. The Hotel has thus failed to allege facts that would plausibly suggest a valid negligence claim.

II. Preemption

Chase argues that even if the Hotel had stated a valid negligence claim, such claim is preempted by federal law. Pursuant to "the Supremacy Clause, state laws that interfere with, or are contrary to the laws of congress, made in pursuance of the constitution are invalid." *Aux Sable Liquid Products v. Murphy*, 526 F.3d 1028, 1032-33 (7th Cir. 2008)(internal quotations omitted)(quoting *Wisconsin Pub. Intervenor v. Mortier*, 501 U.S. 597, 604 (1991)). The National Bank Act (NBA), 12 U.S.C.§ 1 *et seq.*, gives national banks authority " to exercise "all such incidental

powers as shall be necessary to carry on the business of banking," such as "by receiving deposits. . . ." 12 U.S.C. § 24. The Comptroller of the Currency's regulations implementing the NBA also regulates the deposits and services by electronic means. 12 C.F.R. § 7.4007(a)(stating that "[a] national bank may receive deposits and engage in any activity incidental to receiving deposits, including issuing evidence of accounts, subject to such terms, conditions, and limitations prescribed by the Comptroller of the Currency and any other applicable Federal law"); 12 C.F.R. § 7.5002(a)(stating that "[a] national bank may perform, provide, or deliver through electronic means and facilities any activity, function, product, or service that it is otherwise authorized to perform, provide, or deliver"). The NBA preempts state law that substantially interferes with its provisions and regulations. *See Watters v. Wachovia Bank, N.A.*, 550 U.S. 1, 12 (2007)(stating that "[s]tates are permitted to regulate the activities of national banks where doing so does not prevent or significantly interfere with the national bank's or the national bank regulator" exercise of its powers," but that "when state prescriptions significantly impair the exercise of authority, enumerated or incidental under the NBA, the State's regulations must give way"); *Barnett Bank of Marion Cty., N.A. v. Nelson*, 517 U.S. 25, 33 (1996)(stating that "[i]n defining the pre-emptive scope of statutes and regulations granting a power to national banks," the "cases take the view that normally Congress would not want States to forbid, or to impair significantly, the exercise of a power that Congress explicitly granted"); *see also Am. Deposit Corp., v. Schacht*, 84 F.3d 834, 837 (7th Cir. 1996)(stating that "[i]t is well settled that a

federal law" such as the National Bank Act "preempts a conflicting state law under the Supremacy Clause of Article VI of the Constitution").

In the instant action, the negligence claim that the Hotel seeks to bring would impose a common law obligation under Illinois law on banks that would significantly interfere with their authorized power to take deposits. Particularly as technology advances and paperless deposits become more prevalent allowing a state common law to micro-manage the deposit procedures of banks would intrude far into the realm reserved for federal law when regulating national banking institutions. Absent a preemption of such common law claims, banks could also face a myriad of conflicting laws across this county relating to deposit procedures. Thus, even if the Hotel had stated a valid claim in this case, it would be preempted by federal law. Based on the above, Chase's motion to dismiss is granted.

## CONCLUSION

Based on the foregoing analysis, Chase's motion to dismiss is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 3, 2016